IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES SAMUEL JOHNSON, JR.                                                    PLAINTIFF

v.                                         Civil No. 6:20-cv-06018

MAJOR ANDREW RUH; DEPUTY WARDEN WHITE;
WARDEN EMSWELLER; LIEUTENANT TONY
JACKSON; CORPORAL N. KILLIAN; SERGEANT
HARRISON; MS. ALISSA HRDLICKA; MELVIN
SCRUGGINS; and KRISTIE BAKER                                                   DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Charles Samuel Johnson, Jr., proceeds in this matter *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 3). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

**I. BACKGROUND**

Plaintiff filed his Complaint on February 24, 2020. (ECF No. 1). That same day, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 3).

1

According to Plaintiff's Complaint, at the time of the alleged incident, he was in the Omega Technical Violator Center of the Arkansas Department of Correction. (ECF No. 1). Plaintiff names nine (9) Defendants in his Complaint and asserts seven (7) different claims. *Id.* Plaintiff seeks compensatory and punitive damages.

Plaintiff's first claim is against Major Andrew Ruh and Sergeant Harrison and asserts that Ruh and Harrison subjected the Plaintiff to excessive force, causing injuries, on December 13, 2019. (ECF No. 1).

Plaintiff's second claim is against Major Ruh and is for "sexual harassment, sexual misconduct, abuse of power, deliberate indifference" with respect to an incident on December 16, 2019. (ECF No. 1).

Plaintiff's third claim is against Cpl. Killian and Lt. Tony Jackson for "sexual harassment, abuse of power, voyeurism, deliberate indifference" with respect to an incident on January 20, 2020. (ECF No. 1).

Plaintiff's fourth claim is against Warden Emsweller, Deputy Warden White, and Major Ruh and is for "cruel and unusual punishment, deliberate indifference, inhuman treatment" with respect incidents occurring on the following dates: 12/18/19 – 1/1/20; 11/25/19 – 12/3/19; 12/13/19 – 1/27/20. (ECF No. 1).

Plaintiff's fifth claim is against Melvin Scuggins and Kristie Baker. Both Scuggins and Baker are parole officers, and Plaintiff lists 8/9/19 and 9/17/19 as the dates of occurrence. (ECF No. 1).

Plaintiff's sixth claim is against Major Andrew Ruh and Deputy Warden White. Plaintiff states that the claim is for religious persecution, deliberate indifference, and cruel and unusual punishment and includes an incident date of 11/25/19. (ECF No. 1).

Plaintiff's seventh claim is against Alissa Hrdlicka for "violation of my right to due process, deliberate indifference." Hrdlicka is a parole officer. Plaintiff states that the claim concerns incidents occurring 1/8/20 – 1/10/20. (ECF No. 1).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The

deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).  To the extent Plaintiff attempts to assert a negligence claim, it is insufficient as a matter of law.

### A.  Sexual Harassment

In Plaintiff's second and third claims, he asserts that his constitutional rights have been violated due to sexual harassment, sexual misconduct, and voyeurism.[1]  I find these allegations frivolous.

Sexual abuse or harassment of an inmate can violate the Eighth Amendment if the alleged abuse or harassment caused "pain" and, "as a subjective matter, . . . the prison official in question acted with a sufficiently culpable state of mind."  *See Berry v. Oswalt*, 143 F.3d 1127, 1131-33 (8th Cir. 1998) (repeated non-routine pat-downs and subsequent rape of female inmate by male prison guard violated Eighth Amendment); *but see Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (consensual physical relationship between inmate and prison official did not cause pain, despite the official's supervisory status).

Plaintiff allegations provide no such support for a claim of sexual harassment.  Instead, his allegations include "winking", "smiling" and verbal statements.  Plaintiff's never alleges that the Defendants touched him.  Plaintiff's allegations do not

> constitute unnecessary and wanton infliction of pain.  *Cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995)(allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992)(allegations in verified complaint that prison guard performed almost daily pat-down searches, tickled inmates, and deliberately examined genital, anus, lower stomach and thigh areas were sufficient to withstand summary judgment motion).

---

[1] I will treat the voyeurism allegation as a form of sexual harassment.

*Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000).

Further, "[v]erbal threats are not constitutional violations cognizable under § 1983." *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) (A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

Accordingly, I find that the second and third claims of Plaintiff's Complaint should be dismissed.

### B. Conditions of Confinement

Plaintiff's fourth claim concerns his conditions of confinement. Plaintiff argues that his constitutional rights were violated because his mattress was taken away "everyday from 7 am until 7 pm forcing me to have to sleep on a cold, hard metal bunk for 12 hours a day with a bad shoulder." Plaintiff also complains that he had to use toilet tissue as a pillow. Finally, Plaintiff alleges that from 11/25/19 until 12/3/19, and again from 12/13/19 until 1/27/20, he was "housed

in segregation & kept in a cell without any recreation time out of the cell" and was only allowed out of his cell "3 times a week for a 5 to 10 minute shower."

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Prison conditions claims include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008)(citation omitted).

To state an Eighth Amendment claim, the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the detention facility that created a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994)(*quoting Wilson v. Sieter*, 501 U.S. 294 (1991)).

6

The deliberate indifference standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 2 (1992) (The objective component is "contextual and responsive to contemporary standards of decency")(quotation omitted). To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Brown v. Nix*, 33 F.3d 951, 954-55 (8th Cir. 1994). The subjective component "requires proof of a reckless disregard of a known risk." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005)(citation omitted).

Here, Plaintiff's claim is based on his allegation that his mattress was taken everyday during daytime hours. Plaintiff further asserts that he was "housed in segregation & kept in a cell without any recreation time out of the cell" and was only allowed out of his cell "3 times a week for a 5 to 10 minute shower."

In general, courts have held that the temporary denial of bedding, exercise, clothes, showers, or hygiene products is not unconstitutional. *See e.g., O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-8 (8th Cir. 1996)(four days without underwear, blankets, mattress, exercise and visits was not a constitutional violation).

The Eighth Circuit has found that out-of-cell recreation time of forty-five minutes per week for an inmate in protective custody did not violate the Eighth Amendment. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Similarly, the Eighth Circuit has held that a limitation of three hours per week of out-of-cell exercise time does not necessarily violate the Constitution. *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Termunde v. Cook*, 684 F. Supp. 255, 260 (D. Utah 1988)(no constitutional violation where inmates received one hour each day,

five days per week for recreational and shower purposes); *cf. Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002)(No deliberate indifference where prisoner allowed to use a dayroom with exercise equipment for three hours a week even though he was denied outside exercise for three months).

I find that Plaintiff states no plausible constitutional violation concerning the conditions of his confinement. Accordingly, I recommend that Plaintiff's fourth claim be dismissed.

### C. Parole Officers

Plaintiff's fifth and seventh claims are stated against Defendants Melvin Scuggins, Kristie Baker, and Alissa Hrdlicka. Plaintiff's claims against these Defendants are based on their actions, as parole officers, with respect to Plaintiff's parole reports, hearings, and revocation.

Parole officers, like judges, are entitled to absolute immunity from suits for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole. *See Anton v. Getty,* 78 F.3d 393, 396 (8th Cir. 1996); *Littles v. Board of Pardons & Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1996) (per curiam).

In addition, it is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee,* 237 F. Appx. 114 (8th Cir. 2007). In *Hamilton,* the court held "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions…" *Id.* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest). Without a protectable liberty interest there is no due process claim. *Id.* at 886.

Accordingly, I recommend that Plaintiff's fifth and seventh claims be dismissed.

### D. Remaining Claims

Plaintiff's remaining allegations are set forth in his first and sixth claims. Plaintiff's first claim is against Defendants Major Andrew Ruh and Sgt. Harrison. I find that Plaintiff has sufficiently alleged a claim for excessive force against these Defendants.

Plaintiff's sixth claim is against Major Andrew Ruh and Deputy Warden White. I find that Plaintiff has sufficiently alleged a claim against these Defendants for a violation of his freedom to exercise his religious beliefs and retaliation.

### IV. CONCLUSION

For the foregoing reasons, I recommend the second, third, fourth, fifth, and seventh claims of Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii)(*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim). **Accordingly, I recommend that the Clerk of this Court be directed to terminate the following Defendants from this action: Cpl. Killian, Lt. Tony Jackson, Warden Emsweller, Melvin Scuggins, and Kristie Baker.**

I recommend that the first and sixth claims of Plaintiff's Complaint, as set forth against Defendants Major Andrew Ruh, Sgt. Harrison, and Deputy Warden White, remain for adjudication.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this 2nd day of March 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE