IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES SAMUEL JOHNSON, JR.                                    PLAINTIFF

v.                                     Civil No. 6:20-cv-06018

MAJOR ANDREW RUH; DEPUTY WARDEN WHITE;
And SERGEANT HARRISON                                          DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff, Charles Samuel Johnson, Jr., proceeds in this matter *pro se* and *in forma pauperis*.  (ECF Nos. 1, 2, 3). Currently before the Court is Defendants' Renewed Motion to Dismiss and Incorporated Memorandum Brief in Support.  (ECF No. 21).  The Plaintiff has filed a response (ECF 23), and the Motion is ripe for decision.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. BACKGROUND

Plaintiff filed his *pro se* Complaint on February 24, 2020.  (ECF No. 1).  That same day, the Court granted Plaintiff's application to proceed *in forma pauperis*.  (ECF No. 3).

Two claims remain in this action:  1) Plaintiff asserts that Major Andrew Ruh and Sergeant Harrison subjected him to excessive force, causing injuries, on December 13, 2019; and 2) Plaintiff asserts that Major Andrew Ruh and Deputy Warden White subjected him to religious persecution, deliberate indifference, and cruel and unusual punishment on November 25, 2019.  (ECF No. 1). Plaintiff has sued each Defendant in both their personal and official capacities.  At the time of the

alleged incidents, Plaintiff was an inmate at the Omega Technical Violator Center of the Arkansas Department of Correction. All the Defendants were employees of the Arkansas Department of Correction at the time of the alleged incidents.

The Defendants have filed a Renewed Motion to Dismiss and Incorporated Brief in Support. (ECF No. 21). In the Motion, the Defendants argue that Plaintiff's Complaint should be dismissed because the remaining claims do not arise out of the same transaction or occurrence as required by Rule 20 of the Federal Rules of Civil Procedure. Alternatively, Defendants argue that Plaintiff's claims are barred by sovereign immunity.

The Plaintiff has responded to Defendants' Motion and denies that Defendants are entitled to such relief. (ECF No. 23).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support her claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III.  DISCUSSION

### A.  Improper Joinder

Defendants first argue that Plaintiff's claims should be dismissed because the Defendants are improperly joined as parties under Rule 20(a)(2) of the Federal Rules of Civil Procedure.  As stated above, Plaintiff seeks relief for excessive force against Separate Defendants Ruh and Harrison with respect to an incident on December 13, 2019; and, Plaintiff seeks relief for religious persecution, deliberate indifference, and cruel and unusual punishment against Separate Defendants Ruh and White with respect to an incident on November 25, 2019.  Rule 20 permits defendants to be joined if claims "arise out of the same transaction, occurrence or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2).

The Eighth Circuit construes "transaction" broadly for purposes of Fed. R. Civ. P. 20 and typically allows all "reasonably related claims for relief by or against different parties" to be tried in a single proceeding.  *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).  The Court finds that because the two instant claims occurred only a few weeks apart and involve at least one common defendant, they satisfy the "same transaction" test.  Further, the Court notes, dismissal is not the relief provided in the Rules for improper joinder of parties under Rule 20.  Dismissal for improper joinder is not appropriate in this case.

### B.  Sovereign Immunity

Alternatively, the Defendants seek dismissal of certain claims under Eleventh Amendment sovereign immunity.  As set forth above, Plaintiff sues each Defendant both personally and in their official capacity.  These claims are subject to dismissal.

Because all Defendants are employees of the State of Arkansas, Plaintiff's official capacity claims against the Defendants are essentially claims against the State of Arkansas.  "The Eleventh

Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "This bar exists whether the relief sought is legal or equitable." *Id.* (quoting *Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)). The State of Arkansas and its agencies have not consented to suit in federal court.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that Defendants' Renewed Motion to Dismiss and Incorporated Memorandum Brief in Support (ECF No. 21) be granted in part and denied in part as follows:

- the Motion should be granted with respect to Plaintiff's official capacity claims;

- the Motion should be denied in all other respects; and,

- Plaintiff's claims against all the Defendants in their individual capacity remain for resolution.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 30th day of September 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4