IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES SAMUEL JOHNSON, JR.                                                              PLAINTIFF

v.                                         Civil No. 6:20-cv-06018

MAJOR ANDREW RUH; DEPUTY WARDEN WHITE;
and SERGEANT HARRISON                                                                  DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Charles Samuel Johnson, Jr., pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. (ECF Nos. 1, 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

On August 23, 2021, this Court directed Plaintiff to respond to Defendant's Motion for Summary Judgment (ECF No. 74) by September 13, 2021. The Order states: "Plaintiff is advised that failure to timely and properly comply with this Order will result in: (a) all of the facts set forth by the Defendant in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); and/or (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2)." (ECF No. 77). On September 15, 2021, Plaintiff sought an extension of time within which to respond to the motion. (ECF No. 78). The deadline was extended to October 6, 2021. (ECF No. 79). On October 12, 2021, Plaintiff again sought an extension of time to respond to the motion. (ECF No. 80). The deadline was extended to October 20, 2021. (ECF No. 81). Plaintiff did not respond to the motion.

On November 1, 2021, Plaintiff was given until November 22, 2021, to show cause why this action should not be dismissed for failure to obey an order of the Court. (ECF No. 82). The

1

Show Cause Order noted "[f]ailure to respond to this Order **shall** result in the dismissal of this action." (ECF No. 82). Plaintiff has not responded to the Show Cause Order.

Although *pro se* pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added). Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint in this case be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 20th day of December 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE